**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDGARDO ORTIZ, et al., | : | CIVIL ACTION NO. 13-3228 (MLC) |
| Plaintiffs, | : | **O P I N I O N** |
| v. | : | |
| K-HOVNANIAN HOMES, INC., d/b/a K-HOVNANIAN FOUR SEASONS, et al., | : | |
| Defendants. | : | |

**THE PLAINTIFFS** (1) brought this action on May 22, 2013, to recover damages for personal injuries against defendants named as K-Hovnanian Homes, Inc., d/b/a K-Hovnanian Four Seasons ("Hovnanian Entity"), and Anchor Wood Framing Corp. ("AWF"), and (2) assert jurisdiction under 28 U.S.C. § ("Section") 1332(a)(1). (See dkt. entry no. 1, Compl. at 1-2.)  The Court intends to dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS**, pursuant to their own allegations and the Court's own research, are deemed to be citizens of Pennsylvania. (See Compl. at 1.)

**BUT THE PLAINTIFFS** merely assert that (1) the Hovnanian Entity "is a corporation who regularly conducts business in the state of New Jersey at the [New Jersey] address [listed on the Complaint]", (2) AWF "is a New Jersey Corporation who regularly

conducts business in the state of New Jersey at the [New Jersey] address [listed on the Complaint]", and (3) "Defendants . . . are corporations who are registered to do business in New Jersey". (Id.)  Assuming that the Hovnanian Entity and AWF are indeed corporations, the plaintiffs have failed to allege the states in which each defendant (1) is incorporated, and (2) has "its principal place of business", as opposed to an address where each defendant regularly conducts business.  28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185-86, 1192-93 (2010); S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006); see also Jenkins v. Farmers New Century Ins. Co., No. 08-1398, 2008 WL 2997152, at *1 (M.D. Pa. July 31, 2008) (pointing out that allegation that a corporation "regularly conducts business" in a particular place "do[es] not suffice in the requirement of a corporation's principal place of business").

**THE PLAINTIFFS** have failed to show that complete diversity of citizenship exists here.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiffs to either – within thirty days – (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v.

2

Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each defendant.  If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

    **THE PLAINTIFFS** are advised – if they opt to move to reopen – that jurisdiction is measured "against the state of facts that existed at the time of filing".  Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).  Thus, the plaintiffs must demonstrate (1) that the Hovnanian Entity and AWF are indeed corporations, (2) the citizenship of each of these defendants by proving the states in which they were incorporated and had their principal places of business on May 22, 2013, i.e., provide supporting documentation, certificates of incorporation, and affidavits from those with knowledge of the structure of these defendants, and (3) that there is jurisdiction under Section 1332.  The Court advises the plaintiffs that they must specifically assert citizenship as it existed on May 22, 2013.

    **THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint. The Court also advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific

(e.g., citizen of "a state other than Pennsylvania"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as they should have ascertained jurisdiction before choosing to bring an action in federal court. See Freedman, 180 Fed.Appx. at 320; Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"). As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity". CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004). The plaintiffs' "lack of care in invoking the District Court's jurisdiction is regrettable". McNair v. Synapse Grp., 672 F.3d 213, 219 n.4 (3d Cir. 2012).[1]

    **THE COURT** will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:  May 28, 2013

---

[1] If the Hovnanian Entity is actually a limited liability company, then the plaintiffs are advised that limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010). The citizenship of each membership layer must be specifically traced and analyzed to determine a limited liability company's citizenship. Id. at 420.